RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/4/13
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| ROBERT I. BRUMLEY,<br>    Appellant | CIVIL ACTION<br>NO. 2:12-CV-02966 |
| VERSUS | |
| U.S. COMMISSIONER OF SOCIAL SECURITY,<br>    Appellee | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

<u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

Before the court is an appeal filed by Robert I. Brumley ("Brumley") from the final decision of the Commissioner of Social Security, denying Brumley's claim for social security benefits. On appeal, Brumley asks this court to reverse the Commissioner's final decision and remand the case to the Commissioner for further proceedings, contending the ALJ erred in rejecting the treating cardiologists' functional capacity assessments and failing to award benefits for the period prior to April 2010.

The Commissioner filed a motion for a fourth sentence remand for reconsideration of the correct expiration date of Brumley's disability insured status, to correctly apply S.S.R. 83-20 in determining the correct onset date of Brumley's disabling condition, and to re-evaluate Brumley's mental health evidence (Doc. 22). Brumley opposes that motion (Doc. 24) to the extent the Commissioner asks for anything other than a determination of Brumley's correct disability onset date on remand, to which the

Brumley's correct disability onset date on remand, to which the Commissioner replied (Doc. 25).

In <u>Shalala v. Shaefer</u>, 509 U.S. 292, 296-7, 113 S.Ct. 2625, 2629 (1993), the Supreme Court stated the exclusive methods by which district courts may remand to the Commissioner are set forth in sentence four and sentence six of 42 U.S.C. § 405(g), as follows:

> "[4] The district court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."
>
> "[6] The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

Immediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand. <u>Shaefer</u>, 509 U.S. at 297, 113 S.Ct. at 2629. Also, <u>Istre v. Apfel</u>, 208 F.3d 517 (5th Cir. 2000). A sentence six remand may be ordered

in only two situations: where the Commissioner, for good cause shown, requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Shaefer, 509 U.S. at 297, 113 S.Ct. at 2629, citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100, 111 S.Ct. 2157, 2163-64 (1991).

The Commissioner has moved for a fourth sentence remand in this case because she has already answered the appeal and further proceedings are necessary to determine the correct expiration date of Brumley's Title II disability insured status, re-evaluate Brumley's mental health evidence, reconsider whether Brumley meets or medically equals an impairment in Section 4.00 of the Listings, reassess Brumley's residual functional capacity, obtain medical expert testimony regarding the nature and severity of Brumley's impairments before the date he was last insured (if necessary), and/or obtain vocational expert testimony to determine whether there are a significant number of jobs in the national economy that Brumley can perform.

In order to effect a fourth sentence remand, the court must enter a final, appealable judgment which affirms, modifies or reverses the final decision of the Commissioner. See Istre, 208 F.3d at 521 (sentence four does not provide a "catch-all" provision for district court remands).

However, as Brumley contends, the Commissioner asks for a

review of Brumley's disability insured status dates, even though a change of his disability insured status dates would be adverse to Brumley. Since the Commissioner does not have the statutory right to appeal his own decision to the district court, 42 U.S.C. §§ 405(c)(9) & (g), the Commissioner may not raise an issue on appeal as to a part of his own ruling that is favorable to the claimant; the portions of the Commissioner's ruling which Brumley has not appealed have become final. 42 U.S.C. 405(h). See also, Buck v. Secretary of Health and Human Serv., 923 F.2d 1200, 1203 (6th Cir. 1991), and cases cited therein. The Commissioner may not use the opportunity created by Brumley's appeal of its admitted error, as to the determination of his disability onset date, to reopen the favorable portion of the Commissioner's final decision (in this case, the date Brumley's disability insured status expired) and change it to Brumley's detriment.

The Commissioner's argument that Brumley may not partially appeal the judgment is likewise erroneous. Since part of the judgment was favorable to Brumley (in that he was awarded disability benefits beginning in 2010) and he does not have standing to appeal a favorable decision, Buck, 923 F.2d at 1203, Brumley may *only* appeal the unfavorable portion of the decision (finding he was not entitled to benefits between 2008 and 2010).

While the undersigned does not advocate awarding social security benefits to those who are not entitled to them, the

Commissioner must revoke an incorrect award of benefits in a procedurally proper manner. That procedure is not through an appeal by the Commissioner, of his own decision, to this court.

Accordingly, Brumley's appeal should be granted and the final decision of the Commissioner should be reversed as to Brumley's disability onset date only, because that finding is not based on substantial evidence and is not a correct application of the relevant legal standards. The Commissioner's motion for a fourth sentence remand should be granted and the case remanded to the Commissioner for further proceedings only to determine Brumley's correct disability onset date.

## Conclusion

Based on the foregoing discussion IT IS RECOMMENDED that Brumley's appeal be GRANTED and the final decision of the Commissioner REVERSED because it is not based on substantial evidence and is not a correct application of the relevant legal standards. Brumley's case should be remanded to the Commissioner for further proceedings *only* to determine Brumley's correct disability onset date.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 4th day of September 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE