UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROBERT I. BRUMLEY                         CIVIL ACTION 12-2966

VERSUS                                    U.S. DISTRICT JUDGE JAMES T. TRIMBLE, JR.

CAROLYN W. COLVIN,                        U.S. MAGISTRATE JUDGE JAMES D. KIRK
     Commissioner

REPORT AND RECOMMENDATION ON ATTORNEY FEES

Plaintiff asks the court for an award of attorney's fees under a contingency fee contract pursuant to 42 U.S.C. §406(b) [Doc. # 32].  Claimant's attorney, who spent 31.4 hours on the case, is requesting an award of $14,840.73 which is 25% of past due benefits, less $1,069.65 which has been ordered under the Equal Access to Justice Act (EAJA) to be paid. While the government does not oppose the award of attorney fees pursuant to the contingency fee contract, it suggests that the amount sought, 25%, could be considered to be excessive, results in an effective hourly rate of $472.63, and may be a windfall to the attorney.

Because claimant was the "prevailing party" in the case, and the government's position in this case was not substantially justified, an EAJA award was ordered by this court on April 14, 2014 in the amount of $4,710 plus $350 in costs. That award, which by law belongs to the claimant[1], was used to offset a debt to the United States.[2] Therefore, Brumley and his attorney

---

[1] See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

[2] See Judge (now Chief Judge) Stewart's very helpful analysis of the interaction of the EAJA and Section 406 (a) and (b) in Murkeldove v. Astrue, 635 F.3d 784, (5th Cir. 2011).

1

actually only received $1,069.65.

In addition, an EAJA award for work at the administrative level could be awarded pursuant to Section 406(a) but the total award under Section 406(b) and 406(a) cannot exceed 25% [3].

The government raises only the amount of the award as an issue and correctly suggests that any award should be reviewed by the court for its reasonableness under Section 406(b). It suggests that this court determine whether the fee is disproportionate to the number of hours spent by the attorney.

Congress provided for "a reasonable fee, not in excess of 25 percent of accrued benefits" in Section 406(b).  Even within the 25%, a claimant must show that the fee sought is reasonable. While a lodestar calculation is made for awards under the EAJA, the Supreme Court has expressly ruled that in 406(b) cases the lodestar method need not be adhered to in calculating a reasonable contingency fee.  Gisbrecht v. Barnhart 122 S.Ct. 1817 (2002). Nevertheless, that decision, as Justice Scalia aptly pointed out in his dissent "does nothing whatever to subject these fees to anything approximating a uniform rule of law. " 122 S. Ct. at 1829.

Eight years later, in Jeter v. Astrue, 622 Fed .3d 371, (5th Cir. 2010),the Fifth Circuit provided assistance in calculating the fee under Gisbrecht by holding that while Gisbrecht prohibits "exclusive, primary reliance on the lodestar method to determine the reasonableness of a §406(b) fee award" it did not prohibit the use of the lodestar method altogether. Therefore, "courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage. In

---

[3] Rice v. Astrue, 609 F.3d 831, 838 n.29 (5th Cir. 2010).

other words, the Gisbrecht Court's reference to windfall leaves room for consideration of an effective hourly rate, but only so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." Id

In this case, there is no evidence that the fee sought by counsel was unearned and that the result obtained was due to something other than his hard work and persistence. He has attested as an officer of the court that he is experienced in handling claims before the agency. He did not delay the case and the hours spent are in line with those approved in other Social Security cases before this court.

If the fee, based on hours worked, were to be computed at a more common rate of $150 per hour, for example, then an attorney would never be able to earn a fee in excess of the EAJA fee which is calculated using the formula of hours times hourly rate.

Further, as Judge Benavides pointed out in Jeter, supra, the Supreme Court has noted in Gisbrecht that Congress wrote Section 406(b) to "ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees'." Jeter also observed that statistically, roughly 50% of Social Security claimants will lose their case at the district court level. Therefore, while an effective rate of $472 per hour might at first blush, appear excessive, awards in successful cases allow the attorneys to handle all the cases and thus ensure that all Social Security claimants are adequately represented and are able to present their case to the courts. In other cases this court has awarded fees that compute to even more than the amount per hour sought here because more benefits were at stake and were awarded.

Therefore, I find nothing in the record to indicate that the fee sought is unreasonable,

unearned or a windfall to the attorney.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that attorney's fees in the amount of $14,840.73 be awarded under section 406(b) to Mr. Brumley, subject to the following:

a) the amount of $1,069.65 be deducted from the award for the EAJA fees previously ordered paid,

b) in the event of a prior or concurrent award of administrative representation fees under 406(a) the award should be reduced so that the total award of all fees does not exceed 25% of the benefit amounts awarded, and,

3) the agency's obligation to disburse funds to counsel is limited to the amount of plaintiff's past-due benefits currently held by the agency.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN**

**ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on Friday, the 21st day of January, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE